## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNY HILL,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 08-82 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **Chief Magistrate Judge Baxter** |
| **KNOX, McLAUGHLIN, GORNALL &** | ) | |
| **SENNETT, et al.,** | ) | |
| **Defendants** | ) | |

### OPINION AND ORDER[1]

Chief Magistrate Judge Susan Paradise Baxter

## I.      INTRODUCTION

On March 24, 2008, Plaintiff Kenny Hill, an inmate incarcerated at the Federal

Correctional Institution at Petersburg, Virginia, commenced this legal malpractice action against

Defendant Knox, McLaughlin, Gornall & Sennett, P.C. ("Knox"), a law firm located in Erie,

Pennsylvania, and four of its legal professionals:  Richard A. Lanzillo, Esquire ("Lanzillo"), Neal

R. Devlin, Esquire ("Devlin"),  Bryan G. Baumann, Esquire ("Baumann"), and Lorie Watson

("Watson"), a paralegal, all residents of Erie County, Pennsylvania.  Jurisdiction before this

Court is based upon diversity of citizenship.

### A.      Relevant Procedural and Factual History

On or about May 23, 2005, Plaintiff filed with this Court a *pro se* civil rights complaint

pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against

John J. LaManna, former Warden at FCI-McKean; Marty Sapko, UNICOR/Industry Factory

Manager at FCI-McKean ("Sapko"); Stephen Housler, Safety Manager at FCI-McKean

("Housler"); and Deborah Forsyth, Chairperson of FCI-McKean's Safety and Health Committee

---

[1]

In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have an United
States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. [Documents ## 5, 9].

("Forsyth")(hereinafter collectively referred to as "Bivens defendants"). The case was docketed at Civil Action No. 05-160 Erie (hereinafter referred to as "underlying action").

On June 22, 2006, this Court granted Plaintiff's motion for appointment of counsel in the underlying action, and Defendants were appointed to represent Plaintiff. Defendants subsequently filed two amendments to the original *pro se* complaint, and conducted discovery on behalf of Plaintiff. On February 2, 2007, the Bivens defendants filed a motion for summary judgment in the underlying action, to which Defendants filed a response on Plaintiff's behalf. On February 23, 2007, this Court issued a Report and Recommendation recommending that summary judgment be granted in favor of the Bivens defendants. This Report and Recommendation was subsequently adopted by District Judge Sean J. McLaughlin by Memorandum Order dated March 14, 2007, and the underlying action was dismissed.

As a result of the dismissal of the underlying action, Plaintiff initiated this action against Defendants, alleging, in pertinent part, as follows:

32.  Defendants had a duty to protect plaintiff's interest by reasonable standards for law firms/attorneys and in conformity with the laws of the Pennsylvania Supreme Court and the Professional Codes of Conduct under the State of Pennsylvania.

33.  Defendants filed incomplete and ineffective briefs.

34.  Defendants failed to complete discovery.

35.  Defendants failed to meet deadlines.

36.  Defendants did not have the legal knowledge, skill, thoroughness and preparation reasonably necessary for prison litigation.

37.  As a direct result of Defendants' negligence, Plaintiff's §1983/Bivens Complaint was dismissed one week before trial and but for defendants' negligence, plaintiff's case would have proceeded to trial or settlement.

(Complaint at ¶¶ 32-37).

On June 24, 2008, Defendants filed a motion to dismiss seeking dismissal of this action based upon Plaintiff's failure to file a certificate of merit pursuant to Pa.R.C.P. 1042.3(a) and/or Plaintiff's failure to state a claim upon which relief may be granted. [Document # 6]. Despite

being given ample time to do so, Plaintiff has failed to file a response to Defendants' motion. This matter is now ripe for consideration.

### B.    Standards of Review

#### 1.    Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1973 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).   The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).   Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S.  265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.   Although the United States Supreme Court does "not require heightened fact

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II.    DISCUSSION

### A.    Certificate of Merit

Defendants seek dismissal of the instant legal malpractice action because Plaintiff failed to file a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3, which provides:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, **shall file with the complaint or within sixty days after the filing of the complaint, a certificate of**

**merit signed by the attorney or party** ...

Pa.R.C.P. 1042.3(a)(emphasis added).  The certificate of merit must state either:  (1) that an appropriate licensed professional has opined in writing that there is a reasonable probability that the defendant's care did not measure up to professional standards and caused the plaintiff's injury; (2) that the claim against the defendant is based on respondeat superior (in which case, the plaintiff must obtain an opinion from an appropriate licensed professional that there is a reasonable probability that the care provided by the defendant's agents did not measure up to professional standards and caused the plaintiff's injury); or (3) that expert testimony is unnecessary to the plaintiff's claim.  Pa.R.C.P. 1042.3(a)(1-3).

Rule 1042.3 applies regardless of whether state law claims are brought under supplemental jurisdiction or under diversity jurisdiction, as here.  See Rodriguez v. Smith, 2005 WL 1484591 at * 7 n. 13 (E.D.Pa. June 21, 2005).   Moreover, federal courts within this district have uniformly held that Rule 1042.3 is a substantive rule of law that must be complied with by a plaintiff bringing a diversity professional negligence suit in a federal court sitting in Pennsylvania.  See, e.g., Iwanejko v. Cohen & Grigsby, P.C., 249 Fed.Appx. 938, 944 (3d Cir. 2007)(holding that district court "correctly applied Rule 1042.3 as substantive state law"); Bond v. Rhodes, 2008 WL 763737 at *3 (W.D.Pa. Mar. 20, 2008)(dismissing professional negligence claim based upon Plaintiff's failure to comply with Rule 1042.3); Stroud v. Abington Memorial Hosp., 546 F.Supp.2d 238, 248 (E.D.Pa. 2008)(holding that "Federal courts in Pennsylvania have uniformly held that the [certificate of merit] requirement is a substantive rule of law that applies in professional liability actions proceeding in federal court"); Rodriguez at *7 (holding that "Rule 1042.3 should be applied by federal courts as controlling substantive law" and dismissing professional negligence claim, without prejudice, due to plaintiff's failure to fully comply with the rule).

Where a plaintiff fails to timely file a certificate of merit under Rule 1042.3, the defendant(s) may seek dismissal of the claim.  Under Pennsylvania state court procedure, the

defendant(s) seeking dismissal must follow the procedure prescribed in Pa.R.C.P. 1042.6, which

requires the defendant(s) to file with the prothonotary a praecipe for the entry of a judgment of

*non pros*.  A judgment of *non pros*, if entered, effectively constitutes a dismissal of the cause

without prejudice, because the plaintiff retains the right to re-file the complaint with the required

certificate of merit, so long as the statute of limitations has not yet expired.  Bresnahan v.

Schenker, 498 F.Supp.2d 758, 762 (E.D.Pa. 2007).

In this case, it is undisputed that Plaintiff did not submit a certificate of merit within the

It has been recognized, however, that Pa.R.C.P. 1042.6 is procedural in nature and, thus,

inapplicable in federal practice.  Abdulhay v. Bethlehem Medical Arts, L.P., 2005 WL 2416012

at *7-10 (E.D.Pa. Sept. 28, 2005).  A Pennsylvania state law professional negligence action in

federal court is governed by federal procedural rules, which do not provide for a judgment of *non*

*pros* or any similar form of procedural dismissal by the court clerk.  See Walsh v. Consolidated

Design & Engineering, Inc., 2007 WL 2844829 at *5 n. 9 (E.D.Pa. Sept. 28, 2007).  Thus, the

proper procedure in federal court is to treat a motion to dismiss a professional negligence action

for failure to comply with Rule 1042.3 as a motion to dismiss, without prejudice, if Plaintiff may

still re-file a timely complaint with a required certificate of merit.  See Bresnahan, 498 F.Supp.2d

at 762; Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 511 (E.D.Pa. 2004).

In this case, it is undisputed that Plaintiff did not submit a certificate of merit within the

sixty (60) days required by Rule 1042.3.  In fact, Plaintiff did not obtain the required certificate

even after the filing of the instant motion to dismiss, which gave him notice that one was needed.

Thus, Defendants are entitled to have this case dismissed.


### B.      Failure to State a Cognizable Claim

Defendants alternatively argue that Plaintiff's complaint must be dismissed, with

prejudice, because he has failed to state a claim upon which relief may be granted.  The sole basis

for this claim is that the actions challenged by Plaintiff "were irrelevant to the disposition [of this

Court's] decision granting the United States' Motion for Summary Judgment in the Underlying

Action." (Document # 7 at p. 9). Accordingly, Defendants argue that Plaintiff's allegations are "legally insufficient." Since the disposition of such an argument necessarily requires this Court to look beyond the four corners of Plaintiff's Complaint and involves issues of fact, Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted must fail on this basis.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KENNY HILL,               )
        **Plaintiff,**         )       **C.A. No. 08-82 Erie**
                    )
      **v.**                 )
                    )      **Chief Magistrate Judge Baxter**
KNOX, McLAUGHLIN, GORNALL & )
SENNETT, et al.,         )
        **Defendants**    )

## ORDER

AND NOW, this 13th day of March, 2009,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint

[Document #6] for failure to file a certificate of merit in accordance with Pa.R.C.P. 1042.3 is

GRANTED, and this action is DISMISSED. The Clerk is directed to mark this case closed.


                     /s/ Susan Paradise Baxter
                     SUSAN PARADISE BAXTER
                     Chief U.S. Magistrate Judge